Hilario GOMEZ–CEDANO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75422.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Genevieve Holm, Esq., Greg D. Mack, Esq., U.S. Department of Justice, Washington, DC, Julia Caroff Pidgeon, United States Attorney's Office, Detroit, MI, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Hilario Gomez–Cedano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's adverse credibility finding. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding. In Gomez–Cedano's initial asylum application, he claimed that he was abducted, beaten, and tortured because of his affiliation with the minority political party. By the time of the hearing, however, Gomez–Cedano asserted only a generalized fear stemming from the murders of two local businessmen; he denied that he was ever beaten or tortured in Mexico. Gomez–Cedano insists that someone else filled out his asylum application and that he did not know its contents until the asylum interview. But at that interview, Gomez–Cedano reiterated that he was beaten and tortured on account of his political involvement. Such inconsistencies strike at the heart of his asylum claim. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004); *see also Kaur v. Gonzales,* 418 F.3d 1061, 1066–67 (9th Cir.2005).

Because Gomez–Cedano failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v.*

*Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of the above, we need not discuss Gomez–Cedano's argument that the IJ's adverse credibility determination precluded the IJ from ruling in the alternative that Gomez–Cedano was ineligible for asylum or withholding of removal.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

